## Hance Patillo *v.* The State.

1. Informations — Amendment. — On suggestion of the county attorney that an information misstated and that the affidavit omitted the name of the accused, the court below permitted the substitution and insertion of the name suggested by the county attorney. *Held*, such error as not merely necessitates the reversal of the conviction, but vitiates the entire proceedings and invokes the dismissal of the cause.

2. Same. — The statutory provisions which authorize the change of a defendant's name in an information or indictment have reference to cases in which the defendant suggests that his name is misstated. If he makes no such suggestion, the cause proceeds as though his name were truly alleged, and the misnomer is no defense.

Appeal from the County Court of Houston. Tried below before the Hon. S. A. Miller, County Judge.

The charge was theft of a tub and oven worth $2.

*Moore & Spence*, for the appellant.

*W. B. Dunham*, for the State.

White, J. On the trial, after defendant's motion to quash the affidavit and the information had been overruled, the court permitted the county attorney to amend both the affidavit and the information, as follows:

" Now comes the state by the county attorney, leave of

the court being had, and amends his information in the above-entitled cause, and suggests the true name of defendant to be Hance Patillo, instead of Hance Matillo; and that the affidavit, which leaves off the 'Patillo' in the tenth line, be supplied by 'Hance Patillo,' and that this cause proceed and be docketed *The State of Texas* v. *Hance Patillo*.

"GEO. W. WYNNE,

"*County Att'y H. Co., Texas.*"

The action of the court in permitting these amendments is assigned as error, and we think is clearly so. If the affidavit was defective, then both it and the information should have been quashed. If the information alone was defective in not giving the correct name as stated in the affidavit upon which it was based, then it should have been quashed, and a new one prepared in accordance with the affidavit. See Acts Fifteenth Legislature, 20, sec. 8.

The statutes providing for the change of the name of defendant as stated in the information or indictment have reference to cases where the defendant suggests that his true name is different from that stated. If he makes no such suggestion, the case will proceed, and it shall be taken that his name is truly set forth, and he shall not thereafter be allowed to deny the same by way of defense. Pasc. Dig., arts. 2937, 2938, 2939.

Clearly the court had no right to amend, or permit any one else to amend, the affidavit. Affiant himself could not have done so without being sworn anew as to the amended statement. Whenever the court permitted the county attorney to amend the affidavit, it ceased to be the act of affiant; and, if it became the act of the county attorney after the amendment, then the county attorney cannot make an affidavit upon which to base an information, where his knowledge of the matter complained of is derived from some other party. *Daniels* v. *The State*, 2 Texas Ct. App. 353. In the affidavit and information together, as originally

written, the defendant appears to have been called by as many as three different names.

The amendment, under the circumstances, destroyed the validity of the affidavit; the affidavit being destroyed, or rendered ineffective, the information had nothing to support it.

The judgment of the court below is reversed and the case is dismissed.

*Reversed and dismissed.*